## ENGSTROM *v.* LIVINGSTON and others.

*(Circuit Court, D. Massachusetts. March 31, 1882.)*

CONVEYANCE, WHEN DOES NOT VACATE A TRUST.

Plaintiff, the owner of a mine, had conveyed it to a stranger by deed intended as a mortgage. He then authorized A. to dispose of part of the mine to M. and S., who were to do work and open the mine. Mrs. A., the wife of A., received from her husband one-twelfth of the mine, and M. and S. received

three-twelfths. Mrs. A. conveyed to M. her one-twelfth of the mine, and received in payment certain lands. A. became bankrupt, and his assignee, the defendant herein, recovered these lands from Mrs. A. as being the property of her husband. *Held*, in this suit by plaintiff against the assignee, that plaintiff, having known of the conveyance by Mrs. A. *to* M., and having approved thereof, that Mrs. A. did not hold the one-twelfth of the mine, nor the proceeds thereof, in trust for the plaintiff.

In Equity.

LOWELL, C. J.   The plaintiff, Engstrom, had been the owner of a mine in Nevada, and had conveyed it to a stranger by a deed which was intended to be a mortgage. He then authorized N. Allen, of Lowell, to dispose of part of the mine to Morse and Sherburne, of Lowell, who were to do work in opening the mine. Mrs. Allen, the wife of N. Allen, received from her husband, acting as attorney for the plaintiff, one-twelfth of the mine, and Morse and Sherburne received three-twelfths, and did some work and spent some money in opening the mine. There was to be a still further conveyance, to a company which was to be formed, after a certain amount of work had been done. When Morse and Sherburne demanded this further conveyance the plaintiff refused to give it, and the parties quarrelled and separated, and the work was abandoned—the plaintiff insisting that Morse and Sherburne had not fulfilled their part of the contract, and they maintaining that they had fulfilled it.

Before this time Mrs. Allen had conveyed her one-twelfth of the mine to Morse, and he had conveyed to her in payment certain lands in Massachusetts. Allen became bankrupt, and his assignee, the defendant Livingston, by a suit in the supreme judicial court, recovered these Massachusetts lands from Mrs. Allen, as being, in fact, the property of her husband. Afterwards Engstrom brought this suit for those lands, alleging that Mrs. Allen had held the one-twelfth of the mine in trust for him, and therefore held the proceeds upon the same trusts.

I have considered the voluminous evidence with care, and am of opinion that the plaintiff has not proved the trust alleged in the one-twelfth of the mine; that he was informed of the conveyance by Mrs. Allen to Morse, at or about the time it was made, and approved the same; that if he has a claim it is for breach of contract which he might enforce against Morse, but not a trust binding the proceeds of sale. It would not be profitable to recite the evidence which establishes these points. No doubt if a bankrupt holds property in trust the beneficiary may follow it into the hands of an assignee in bankruptcy, but no such case has been made out. **Bill dismissed.**